IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TYTIANNA WRIGHT,                           §
                                           §
          Plaintiff,                       §
                                           §
v.                                         §          Civil Action No. 3:14-CV-01472-N
                                           §
DOLLAR TREE STORES, INC.                   §
d/b/a DOLLAR TREE STORES,                  §
                                           §
          Defendant.                       §

## ORDER

This Order addresses Plaintiff Wright's motion for leave to amend the First Amended

Original Complaint [Doc. 9] to add an additional defendant and Defendant Dollar Tree

Stores, Inc's ("Dollar Tree") motion to dismiss [4]. Because Wright's claim against the party

to be added would be time barred, her proposed amendment is futile and the Court denies

leave. The Court accordingly grants Dollar Tree's motion to dismiss and gives Wright thirty

[30] days to replead her case.

## I. ORIGINS OF THE PARTIES' MOTIONS

Wright filed her original petition on April 1, 2014, in the 68th Judicial District Court

of Dallas County, Texas. Wright alleged Dollar Tree was negligent in failing to render aid

in connection with a third-party assault that allegedly occurred on Dollar Tree's premises on

April 7, 2012. Wright did not join the third-party who allegedly committed the assault. On

April 22, 2014, Dollar Tree removed the action to this Court, alleging subject matter

jurisdiction based on diversity. Wright filed a motion to remand [7] on May 10, 2014,

claiming that Dollar Tree was incorporated in Texas, or in the alternative, that the third-party assailant was a resident of Texas. The Court denied that motion on June 19, 2014, finding that Dollar Tree was both incorporated and had its principal place of business in Virginia, and that because the third-party assailant had not been joined as a defendant, her citizenship was irrelevant for the purposes of diversity jurisdiction. Wright now moves for leave to join the allegedly non-diverse third-party assailant. For the reasons that follow, the Court denies that motion.

## II. THE COURT DENIES PLAINTIFF'S MOTION FOR LEAVE TO AMEND AS FUTILE

### A. The Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). "Although Rule 15 'evinces a bias in favor of granting leave to amend,' it is not automatic." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (citation omitted). A court should consider factors like "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). An amendment may be considered futile if

it would add a party against whom claims are time-barred. *See Williams v. Simmons Co.*, 185 F. Supp. 2d 665, 674 (N.D. Tex. 2001).

### B. Plaintiff's Claims Against the Third-Party Assailant Are Time Barred

Plaintiff alleges that the assault central to this case took place on April 7, 2012. Pl.'s First Am. Compl. [1-8] 14. Under Texas law, Plaintiff's claims against the third-party for personal injury are subject to a two-year limitations period from the date the cause of action accrued. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. Thus, Plaintiff's claims against the third-party expired on April 7, 2014. Plaintiff sought to file her amended complaint on May 12, 2014, over a month after the expiration date of her claims against the third-party. Plaintiff does not dispute that her claims are now time-barred. Rather, she argues that her claims "relate back" to the date of her initial filing under Texas law, and thus escape the limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068.

### C. Plaintiff's Claims Against the Third-Party Assailant Would Not "Relate Back" to the Time of Initial Filing

The "relation back" doctrine provides generally that in some situations, an amended pleading may be considered to have been filed at the time of the original pleading. *See, e.g.*, FED. R. CIV. P. 15(c) ("[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]"). Thus, the relation back doctrine may allow a claim to escape an otherwise applicable limitations period. Both Texas law and Federal law provide for the relation back doctrine.

*Compare id.*, *with* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068. As a threshold matter, then, the Court must determine whether Federal or State relation back law applies.[1]

Although the issue is a relatively new one in the Fifth Circuit, the one case on point indicates that the Federal rule applies here. The Fifth Circuit considered the very same question, albeit in a different procedural posture, in *Taylor v. Bailey Tool Manufacturing Co.*, 744 F.3d 944 (5th Cir. 2014). There, plaintiff initially brought a time-barred state claim in state court. *Id.* at 946. Soon thereafter, the federal limitations period for the analogous federal claim expired as well. *Id.* Plaintiff then amended his petition, adding the expired federal claim. *Id.* Defendant then removed based on the newly added federal question. *Id.* at 945. Although plaintiff did not dispute his federal claim was barred when filed, he argued that under Federal Rule 15(c), the federal claim related back to the date of his initial petition, and was thus revived. *Id.* at 946. Because Rule 15(c) would permit relation back but Section 16.068 would not, the sole issue before the Fifth Circuit was which rule should apply. *Id.*

For reasons that are relevant here, the Fifth Circuit held the state rule must apply. *Id.* at 947. The Court held that the "Federal Rules of Civil Procedure provide that they 'apply to a civil action *after* it is removed from a state court." *Id.* (emphasis in original) (citing FED. R. CIV. P. 81(c)(1)). Because the case was pending in state court at the time plaintiff sought to add the federal claim, the state rule applied. *Id.* at 947. The critical fact for the Fifth

---

[1]Raising the issue for the first time in her Reply, Wright assumed the Texas rule should govern. *See* Pl.'s Reply in Supp. Mot. For Leave [15] 2-3.

Circuit was thus which court the case was pending before when the plaintiff sought to amend the complaint.

Although the procedural posture in this case is different from in *Taylor*, the Fifth Circuit's holding nevertheless directs the outcome. As Rule 81(c)(1) clearly states, the Federal Rules of Civil Procedure apply after a case is removed. FED. R. CIV. P. 81(c)(1). Moreover, Wright's motion to amend was filed after removal in this Court. Accordingly, under the Federal Rules of Civil Procedure and the Fifth Circuit's holding in *Taylor*, there is no articulated reason why the Court should apply the Texas relation back rule. The Court will thus conduct the relation back analysis under Federal Rule of Civil Procedure 15(c).

Rule 15(c) provides:

> (c) Relation Back of Amendments
> > (1) When an Amendment Relates Back. An amendment to the pleading relates back to the date of the original pleading when:
> > > (A) the law that provides the applicable statute of limitations allows relation back;
> > > (B) the amendment assets a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> > > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > > > (ii) knew or should have know that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).

Courts in the Fifth Circuit have consistently refused to read Rule 15(c) to permit relation back when the amending party simply did not know the identity of the party to be added.  *See Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998) (holding no relation back where "problem was not being able to identify [the new] defendant"); *Anderson v. Papillion*, 445 F.2d 841, 842 (5th Cir. 1971) ("[Rule 15(c)] simply may not be interpreted so as to deny the protection of a limitations statute to an entirely new defendant, added after the prescription has run."); *Martin v. N. Tex. Healthcare Network*, 2005 WL 639147, at *3 (N.D. Tex. 2005) (holding that relation back under Rule 15(c) requires a mistake as to the original parties).  Wright seeks to do just what these cases proscribe – add a party whose identity was allegedly unknown at the time of initial filing.  Rule 15(c), as interpreted by courts in this Circuit, does not permit relation back in such a circumstance.

Because Wright's claims against the party to be added would not relate back to the time of initial filing, they would be time-barred.  Accordingly, the Court holds that the amendment would be futile and denies Wright's motion for leave to amend.

### D. Dollar Tree Is Not A Corporate Citizen of Texas

Plaintiff also seeks leave to amend her petition to establish that Dollar Tree is a corporate citizen of Texas.  Pl.'s Mot Leave to Amend [9] 4.  Wright included no facts or allegations distinct from those alleged in her motion to remand [7].  The Court earlier denied Wright's motion to remand, finding that Dollar Tree is both incorporated and has its principal place of business in Virginia.  *See* Order, June 19, 2014 [16].  In the absence of any

additional allegations supporting Wright's contention that Dollar Tree is a corporate citizen of Texas, the Court denies her leave to amend her complaint for that purpose.

### III. THE COURT GRANTS DOLLAR TREE'S MOTION TO DISMISS

#### A. The Legal Standard

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted ... to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

ORDER – PAGE 8

### B. Wright Fails To State A Claim For Negligent Activity

Negligent activity and premises defect claims are separate and independent theories of recovery. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). A negligent activity claim "encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury." *Del Lago Partners v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). Recovery on a negligent activity theory "requires that the claimant's injury result from a contemporaneous activity itself rather than from a condition created on the premises by the activity." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

Wright alleges no malfeasance or contemporaneous misconduct on the part of the Dollar Tree sufficient to support a negligent activity theory of recovery. Wright alleges that the entirety of her injuries were inflicted by a third-party assailant. She has not pleaded any activity on the part of the Dollar Tree that resulted in her injuries. Rather, her negligent activity claims are based entirely on allegations of nonfeasance. Thus, Wright fails to state a claim for recovery under a negligent activity theory.

### C. Wright Fails To State A Claim Under A Theory Of General Negligence

To recover under a theory of general negligence, Wright must show that Dollar Tree owed her a duty, that Dollar Tree breached their duty, and that injury proximately resulted. *Greater Houston Transp. Co. v.* Phillips, 801 S.W.2d 523, 525 (Tex. 1990). Under Texas law, a person ordinarily has no duty to protect another from the criminal acts of a third person. *Timberwalk v. Cain*, 972 S.W.3d 749, 756 (Tex. 1998). An exception exists for the

owner of property.  Indeed, "one who controls the premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997).  In order to give rise to a duty, the risk of harm from a third-party must be foreseeable.  *Trammel Crow Cent. Tex., Ltd. v. Guiterrez*, 267 S.W.3d 9, 17 (Tex. 2008) ("The foreseeability of an unreasonable risk of criminal conduct is a prerequisite to imposing a duty of care[.]").

Wright fails to allege facts establishing that the alleged attack against her was foreseeable.  Wright re-pleads many of the same allegations included in her claim for negligent activity.  None of those allegations tend to establish the foreseeability of her attack and accordingly fail to sufficiently plead a duty on the part of Dollar Tree.  In the absence of any allegations tending to establish that Dollar Tree owed Wright a duty, Wright fails to adequately plead a claim under a theory of general negligence.

### D. Wright Fails To State A Claim For Injuries Arising From Foreseeable Criminal Conduct

Wright attempts to separately plead a claim of liability for injuries arising from foreseeable criminal conduct.  Wright again fails to plead any facts or allegations tending to establish that her attack was foreseeable.  Thus, her foreseeable criminal conduct claim fails for the same reason as her general negligence claim.[2]

---

[2]Because Wright fails to state a claim under any single theory of recovery, there is no need to consider her exemplary damages claim.

ORDER – PAGE 10

## CONCLUSION

Because Wright's claims against the third-party to be added would be time barred, the Court denies her motion to amend her complaint.  Additionally, the Court finds Wright's First Amended Complaint fails adequately to plead facts and allegations sufficient to state a claim for negligent activity, general negligence, or foreseeable criminal activity and accordingly dismisses Wright's claims without prejudice.  The Court grants her leave to replead within thirty (30) days from the date of this order.

Signed September 16, 2014.

David C. Godbey
United States District Judge

ORDER – PAGE 11